IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARVEY D. HICKMAN, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>KRIS KOBACH, et al., )<br>)<br>      **Defendants.** )<br>) | Case No. 25-3225-JWL |

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action under 42 U.S.C. § 1983 against various state officials. For the reasons set forth below, Plaintiff is ordered to show cause in writing, on or before **January 22, 2026**, why this action should not be dismissed for failure to state a claim, as more fully set forth herein. In addition, the Court **grants** Plaintiff's motion to proceed in this case *in forma pauperis* (Doc. 3) and **denies** Plaintiff's motion for service by Marshal (Doc. 7).

**I. Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed in this action *in forma pauperis*. A court may authorize the commencement of a civil suit without prepayment of fees by a person who has submitted an affidavit showing an inability to pay. *See* 28 U.S.C. § 1915(a); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (Section 1915's *in forma pauperis* provision

1

"is designed to ensure that indigent litigants have meaningful access to the federal courts."). Plaintiff's affidavit, which includes a statement of his resident trust account, demonstrates that he is not able to pay the usual filing fee of $405. Therefore, the Court grants his motion and will allow this action to proceed pursuant to Section 1915 without Plaintiff's payment of the filing fee.

## II. Nature of the Matter before the Court

According to his Complaint, Plaintiff was civilly committed as a sexually violent predator under the Kansas Sexually Violent Predator Act ("KSVPA"), K.S.A. § 59-29a01 *et seq.*, on March 20, 2003. He has been confined at the Larned State Hospital ("LSH"), a psychiatric hospital in Larned, Kansas.

Plaintiff describes the nature of his case as being "an action seeking declaratory relief as to the Constitutionality of the [KSVPA], specifically the provisions found in K.S.A. 59-29a08." He asks that the Court find the statute unconstitutional on its face and as applied to him. Then, Plaintiff includes three enumerated claims in his Complaint: (1) violation of his rights under the Due Process Clause of the Fourteenth Amendment; (2) violation of his right to freedom from restraint under the Fourteenth Amendment; and (3) denial of a liberty interest without due process in violation of the Fourteenth Amendment. Plaintiff claims that in 2022, 2023, 2024, and 2025, he did not receive an adequate annual review of his commitment as required by K.S.A. 59-29a08 and the United States Constitution, causing "his confinement to be unconstitutional." (Doc. 1, at 3.)

Plaintiff has named as defendants the Kansas Attorney General; the Secretary of the Kansas Department for Aging and Disability Services ("KDADS"); Kenneth Pratt,

described by Plaintiff as "acting under contract by the State of Kansas and the direction of Laura Howard"; Keri Applequist, described as an employee of the State of Kansas acting at the direction of Laura Howard; and Dr. Kelly D'Ottavio, Chief Forensic Psychologist for the Sexual Predator Treatment Program. Plaintiff states in a memorandum of law filed with his Complaint that he is not "seeking monetary relief, release through this proceeding, or any other punitive relief. He only seeks a declaration of his rights and an injunction preventing what is deemed a violation of his rights to cease." (Doc. 2, at 1-2.)

### III. Applicable Screening Standards

If a plaintiff is proceeding *in forma pauperis* pursuant to § 1915 – even if the plaintiff is not a prisoner – the Court may screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2); *Ryan v. Kansas*, 2024 WL 4452312, at *2 (D. Kan. Oct. 9, 2024) (Lungstrum, J.) (citing cases). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under Section 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard that governs that right. *See id.*

**IV. Discussion**

Plaintiff alleges that his confinement under the KSVPA is unconstitutional. As a remedy, he seeks declarations that his constitutional rights have been violated. While he asserts that he is not seeking release from confinement, such declarations would demonstrate the invalidity of his continued confinement. A § 1983 action by one in state

custody is "barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to [confinement] or internal [institutional] proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). This bar applies to § 1983 claims for damages and for declaratory and forms of injunctive relief that imply the present invalidity of confinement. *Wilkinson*, 544 U.S. at 81-82; *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 520 n.26 (10th Cir. 2023).

When the legality of a confinement is challenged, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies); *see also Dwerlkotte v. Mitchell*, 2022 WL 2340845, at *3 (D. Kan. June 29, 2022) (applying *Heck* in the context of a § 1983 suit by a civilly-committed plaintiff challenging the KSVPA). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

Plaintiff's challenge to the SPTP's constitutionality under § 1983 therefore fails to state a claim upon which the Court can grant relief. "Section 1983 is not a substitute for habeas relief and does not allow him to end-run § 2254." *Hay v. Applequist*, No. 5:23-CV-03175-HLT-GEB, 2025 WL 1993523, at *2 (D. Kan. July 17, 2025).

### V. Response Required

Accordingly, the Court orders Plaintiff to show cause why the entire action should not be dismissed for the reasons set forth herein. If Plaintiff fails to file a response by the deadline, the Court will dismiss this action without further notice.

### VI. Other Pending Motion

Plaintiff has also filed a Motion for Service by Marshal (Doc. 7). Because the Court finds that the case does not survive screening and is subject to dismissal, the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall show cause in writing, on or before **January 22, 2026**, why this action should not be dismissed for the reasons set forth herein.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is hereby **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's motion for service by Marshal (Doc. 7) is hereby **denied**.

**IT IS SO ORDERED.**

**Dated December 22, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
