FILED
U.S. District Court
District of Kansas
01/30/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARVEY D. HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-3225-JWL |
| ) | |
| KRIS KOBACH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP). Plaintiff describes the nature of his case as being "an action seeking declaratory relief as to the Constitutionality of the [KSVPA], specifically the provisions found in K.S.A. 59-29a08." He asks that the Court find the statute unconstitutional on its face and as applied to him. Then, Plaintiff includes three enumerated claims in his Complaint: (1) violation of his rights under the Due Process Clause of the Fourteenth Amendment; (2) violation of his right to freedom from restraint under the Fourteenth Amendment; and (3) denial of a liberty interest without due process in violation of the Fourteenth Amendment. Plaintiff claims that in 2022, 2023, 2024, and 2025, he did not receive an adequate annual review of his commitment as required by K.S.A. 59-29a08 and the United States Constitution, causing "his confinement to be unconstitutional." (Doc. 1, at 3.)

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 9) directing Plaintiff to show cause by January 22, 2026, why this matter should not be dismissed due to the deficiencies set forth. The MOSC stated that if Plaintiff failed within the time allotted to file a

1

response, this action could be dismissed without further notice. Plaintiff has not filed a response as of the date of this Order.

The Court found in the MOSC that the Complaint failed to state a claim upon which relief could be granted under § 1983. Because Plaintiff seeks declarations that would demonstrate the invalidity of his continued confinement, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and Plaintiff must exhaust his state court remedies first. See *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 482 (1994).

The MOSC provided that Plaintiff had until January 22, 2026, to show good cause why his Complaint should not be dismissed, and "[f]ailure to respond by the deadline may result in dismissal of this action without further notice." (Doc. 9, at 6.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated January 30, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
